| | EFILED Document |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, COLORADO**<br>1776 6th Street<br>Boulder, Colorado 80306 | CO Boulder County District Court 20th JD<br>Filing Date: Jul 19 2011 2:56PM MDT<br>Filing ID: 38763815<br>Review Clerk: Debra Crosser |
| **Plaintiff(s):** JESTIBO, LLC, a Colorado limited liability company<br><br>v.<br><br>**Defendant(s):** CELLAIRIS FRANCHISE, INC., a Georgia corporation; and GLOBAL CELLULAR, INC., a Georgia corporation. | **COURT USE ONLY** |
| **Attorneys for Plaintiff:**<br>Michael H. Wussow, Atty. Reg. # 34782<br>Brian E. Geoghegan, Atty. Reg. # 40101<br>Stigler Wussow + Braverman, Ltd.<br>1123 Spruce Street, Ste 200<br>Boulder, CO 80302<br>Telephone: (303) 800-1580<br>mhw@swandb.com; bg@swandb.com | Case Number:<br><br>Div.:          Ctrm.: |

| COMPLAINT |
|---|

Plaintiff Jestibo, LLC, a Colorado limited liability company ("Jestibo"), by and through its undersigned counsel, Stigler Wussow + Braverman, Ltd., and for its Complaint against Defendants Cellairis Franchise, Inc., a Georgia corporation, and Global Cellular, Inc., a Georgia corporation (collectively, "Cellairis"), states, avers, and alleges as follows:

## I. PARTIES

1.     Jestibo is a Colorado limited liability company with its principal place of business at 5773 Logan Street, Denver, Colorado 80216.

2.     Cellairis Franchise, Inc. is a Georgia corporation with a principal place of business at 6485 Shiloh Road, Building B-100, Alpharetta, GA 30005.

3.     Global Cellular, Inc. is a Georgia corporation with a principal place of business at 6485 Shiloh Road, Building B-100, Alpharetta, GA 30005.

**Exhibit C**

## II.  JURISDICTION AND VENUE

4.      The Boulder County District Court has jurisdiction over this matter and these parties, because the claims arise out of a contract specifying jurisdiction in Boulder County, State of Colorado, and the amount at issue is greater than $15,000.00.

5.      Venue is proper in Boulder County, Colorado pursuant to C.R.C.P. 98.

## III.  GENERAL ALLEGATIONS

6.      Jestibo operates cell phone accessory kiosks (collectively, the "Retail Units" and each, a "Retail Unit") in shopping centers located in California, Colorado, Connecticut, Florida, Illinois, Michigan, North Carolina, Tennessee, and Virginia.

7.      Many of the Retail Units are operated by franchisees and/or operators (collectively, the "Operators" and each, an "Operator").

8.      Cellairis operates a vast network of stores and kiosks that sell cell phone accessories in shopping centers throughout the United States including Colorado.

9.      Cellairis also has franchisees operate many of its locations.

10.     Jestibo and Cellaris entered into the Mutual Non-Disclosure Agreement dated August 4, 2009 (the "NDA"). *Ex. A.*

11.     The NDA was entered into in connection with negotiations concerning various potential transactions between Jestibo and Cellairis.

12.     The NDA provides Cellairis is obligated to keep the following information confidential: "'Confidential Information' means any information disclosed by either party to the other party, either directly or indirectly, in writing, orally or by inspection of tangible or intangible objects (including without limitation documents, pricing information, prototypes, software code, intellectual property, facilities and equipment). All disclosed information, whether or not it is specifically designated as 'Confidential', 'Proprietary' information or some similar designation is to be considered Confidential Information. Confidential Information may also include information disclosed to a disclosing party by third parties. Neither party shall have any obligations with respect to any Confidential Information which was known to and fully documented by the recipient prior to its disclosures to the recipient by the other party." *Ex. A.*

2

13.     The NDA further provides that Cellairis shall not "use any Confidential Information of [Jestibo] for any purpose except to evaluate and engage in discussions concerning a potential business relationship between the parties." *Id.*

14.     Jestibo disclosed various confidential information to Cellairis, including: (1) Jestibo's business structure; (2) the terms of Jestibo's contracts with the Operators; and (3) the terms of Jestibo's leases with shopping centers.

15.     The anticipated business relationship between the companies never fully materialized.

16.     On information and belief, Cellairis used Jestibo's confidential information, including the terms of Jestibo's leases, to negotiate with Jestibo's landlords.

17.     On information and belief, Cellairis has entered into a contract or contracts with Jestibo's landlords pursuant to which Jestibo's landlords will terminate Jestibo's leases and enter into leases for the same shopping centers with Cellairis.

18.     On information and belief, Cellairis has contacted some or all of the Operators in an effort to induce them to terminate or breach their contracts with Jestibo.

19.     On information and belief, Cellairis has contacted some or all of the Operators in an effort to induce them to become franchisees of Cellairis.

20.     On information and belief, Cellairis has falsely told some or all of the Operators that Jestibo is going out of business.

## IV. FIRST CLAIM FOR RELIEF
### (Breach of Contract)

21.     Jestibo hereby incorporates all previous allegations contained in this Complaint as though fully stated herein.

22.     Jestibo and Cellairis entered into an enforceable contract governing Cellairis's use of confidential information disclosed by Jestibo.

23.     Jestibo substantially performed its obligations under the contract.

24.     Cellairis has materially breached the contract by, among other matters, using

Jestibo's confidential information to negotiate with Jestibo's landlords.

25.     As a result of the breach by Cellairis, Jestibo has suffered and continues to suffer damages in amount to be proven at trial.

## V. SECOND CLAIM FOR RELIEF
### (Intentional Interference with Contractual Obligations)

26.     Jestibo hereby incorporates all previous allegations contained in this Complaint as though fully stated herein.

27.     Jestibo has valid, enforceable contracts with the landlords of the shopping centers.

28.     Cellairis knew or should have reasonably known of Jestibo's contracts with the landlords of the shopping centers.

29.     Cellairis has intentionally caused landlords of the shopping centers not to perform their obligations under their contracts with Jestibo, or interfered with the shopping center landlords' performance of their contracts with Jestibo.

30.     Cellairis' interference was improper.

31.     Jestibo suffered damages due to Cellairis' conduct.

32.     Jestibo is entitled to relief in the form of damages and injunctive relief.

## VI. THIRD CLAIM FOR RELIEF
### (Intentional Interference with Contractual Obligations)

33.     Jestibo hereby incorporates all previous allegations contained in this Complaint as though fully stated herein.

34.     Jestibo has valid, enforceable contracts with the Operators.

35.     Cellairis knew or should have reasonably known of Jestibo's contracts with the Operators.

36.     Cellairis has intentionally caused certain of the Operators not to perform their obligations under their contracts with Jestibo, or interfered with the Operator's performance of

their contracts with Jestibo.

     37.    Cellairis' interference was improper.

     38.    Jestibo suffered damages due to Cellairis' conduct.

     39.    Jestibo is entitled to relief in the form of damages and injunctive relief.

## VII. FOURTH CLAIM FOR RELIEF
### (Injunction)

     40.    Jestibo hereby incorporates all previous allegations contained in this Complaint as though fully stated herein.

     41.    Jestibo has no plain, speedy, or adequate remedy at law, other than the granting of a preliminary injunction, requiring that Cellairis be (1) restrained from opening any new cellular phone accessory retail outlets in any shopping center in which Jestibo has Retail Units; (2) restrained from further contact with any Operator; (3) restrained from entering into or performance under any contract with any Operator or Landlord; and (4) compelled to return or destroy all information received from Jestibo.

     WHEREFORE, Plaintiff prays for injunctive relief, for damages in an amount to be proven at trial, including attorneys' fees and the costs of litigating this action, for statutory interest, and such other and further relief as this Court deems proper and equitable under the circumstances

Dated this 19th day of July, 2011

STIGLER WUSSOW + BRAVERMAN, LTD.

Pursuant to Rule 121, the signed original is on file at
STIGLER WUSSOW + BRAVERMAN, LTD.

   /s/ Michael Wussow
Michael H. Wussow, Atty. Reg. # 34782
Brian E. Geoghegan, Atty. Reg. # 40101
*Attorneys for Plaintiff*

Plaintiff:

Jestibo, LLC
5773 Logan Street
Denver, CO 80216

6