IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01973-PAB

JESTIBO, LLC, a Colorado limited liability company,

      Plaintiff,

v.

CELLAIRIS FRANCHISE, INC., a Georgia corporation, and
GLOBAL CELLULAR, INC., a Georgia corporation,

      Defendants.

---

## ORDER OF REMAND

---

The Court takes up this matter *sua sponte* on defendants' notice of removal

[Docket No. 1].  Defendants claim that the Court has jurisdiction over the case based on

28 U.S.C. § 1332 (diversity of citizenship).  *See* Docket No. 1 at 3.  The Court finds that

the notice of removal is deficient regarding both diversity of the parties and the amount

in controversy and, therefore, will remand.

In every case and at every stage of a proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d

1289, 1297, 1301 (10th Cir. 1980).  Generally, a party may remove "any civil action

brought in a State court of which the district courts of the United States have original

jurisdiction."  28 U.S.C. § 1441(a) (2006).  Relevant to the present case, "[t]he district

courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the

2

notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873).  When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by at least a preponderance of the evidence.  *Martin*, 251 F.3d at 1290.

Here, there is no specific dollar amount suggested by the complaint beyond plaintiff's statement that "the amount at issue is greater than $15,000.00."  *See* Docket No. 2 at 2.  Because the complaint fails to establish a sufficient amount in controversy, the Court looks to the notice of removal to determine if defendants have "affirmatively established" the amount in controversy.  *Laughlin*, 50 F.3d at 873.  The only evidence that defendants proffer regarding the amount in controversy in this case comes from the District Court Civil Case Cover Sheet filed in state court.  In their notice of removal, defendants assert that "Plaintiff Jestibo alleges in the Case Cover Sheet that it is seeking 'a monetary judgment for more than $100,000 against another party, including attorney fees, penalties or punitive damages, but excluding interest and costs.'"  Docket No. 1 at 2-3.  It is firmly established in this District that state court civil cover sheets indicating that a plaintiff is "seeking a monetary judgment for more than $100,000 against another party" do not by themselves affirmatively establish the amount in controversy.  *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007); *Bauer v. Kipling*, No. 10-cv-01615-WYD-MEH, 2010 WL 2867868, at *2 (D. Colo. July 21, 2010); *Graff v. Allergan, Inc.*, No. 10-cv-01296-CMA-BNB, 2010 WL 2400063, at *1 (D. Colo. June 14, 2010); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-2 (D. Colo. Feb. 9, 2009).

The notice of removal also fails to properly account for the citizenship of the plaintiff.   The notice of removal avers the following regarding plaintiff Jestibo LLC's citizenship:  "Plaintiff Jestibo, according to the Complaint, is a Colorado limited liability company with its principal place of business in Denver, Colorado."  Docket No. 1 at 2. While, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business,"  28 U.S.C. § 1332(c)(1) (2006); *see Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1187-90 (2010),[1] these considerations are irrelevant to the determination of an LLC's citizenship.  Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus in this District and throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See Smith v. Locher*, No. 10-cv-00999-MSK, 2010 WL 2342475, at *1 (D. Colo. June 8, 2010); *U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009); *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48 (2d Cir. 2000); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008);  *Delay v.*

---

[1] The Supreme Court recently clarified that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," that is, what is commonly referred to as the corporation's "nerve center."  *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010).

*Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *cf. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (while not discussing LLCs in particular, noting that with regard to other types of non-corporate entities, "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' or 'each of its members'" (internal citations omitted)).

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.  *See U.S. Advisor, LLC*, 2009 WL 2055206, at * 2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an

artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Therefore, although it is their burden to do so, defendants have failed to establish either the amount in controversy or the complete diversity of the parties. Accordingly, it is

**ORDERED** that pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the District Court for Boulder County, Colorado, where it was originally filed as Case No. 2011 CV 753.

DATED August 2, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge